UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SUSAN COURTNEY, ERNEST
BROOK, JUANITA BARKER,
and COLLETTE PATTERSON,

      Plaintiffs

v.                                    CIVIL ACTION NO. 2:06-00385

HOUSING AUTHORITY OF THE CITY OF
WILLIAMSON, a Public Body Corporate and
Politic, and VICKY LUSK, LINDA BLANKENSHIP,
and BOOTS PRESTON,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending are plaintiffs' motions (1) for an extension of
time to move for remand, filed June 19, 2006, (2) to remand,
filed June 23, 2006, and (3) for a hearing on the motion to remand,
filed October 30, 2006.  Also pending is plaintiffs' lawyer's
motion to withdraw as counsel for Collette Patterson, filed
December 11, 2006.

      Regarding the motion for an extension of time,
defendants do not object to the additional five days sought by
plaintiffs for filing their motion to remand.  The court,
accordingly, ORDERS that the motion for an extension of time be,
and it hereby is, granted.

Regarding the motion for a hearing, the facts and legal contentions presently before the court provide the necessary record for decision and argument would not aid the decisional process.  The court, accordingly, ORDERS that the motion for a hearing be, and it hereby is, denied.

Regarding the motion to withdraw as counsel, the court ORDERS that a hearing be, and it hereby is, scheduled for 2:30 on February 20, 2007.  Counsel for Ms. Patterson is directed to exercise all available means to provide notice of the hearing to Ms. Patterson.  Her personal appearance at the hearing is required.

I.

Plaintiffs reside or resided at Goodman Manor and/or Liberty Heights, a housing facility operated by the defendant Housing Authority of the City of Williamson (hereinafter "the Housing Authority").[1]  (Comp. ¶ 2).   The Housing Authority was created pursuant to West Virginia Code Section 16-15-1, et seq.,

---

[1] The defendants deny that plaintiff Collette Patterson is or has been a resident of Goodman Manor and also deny that she was a party to a lease agreement with the Housing Authority. (Answer ¶ 2).

and further established by the governing body of the City of
Williamson. (Id. ¶ 3).  The individual defendants are all
employees, agents, or otherwise associated with the Housing
Authority.  (Id. ¶ 4).

        In the past two years, plaintiffs allege that they have
experienced the following:

    1.    Invasion of their privacy by having their records
          revealed and made available to unauthorized
          individuals;

    2.    Physical assault or battery by defendant Boots Preston;

    3.    Harassment and intimidation by the individual
          defendants;

    4.    Violations of their privacy by unauthorized persons
          entering their private residences at unauthorized
          times;

    5.    Fear for their safety;

    6.    False accusations of violations by the defendants for
          the purpose of harassment and emotional distress;

    7.    Receipt of notices of violations allegedly from the
          individual defendants addressed to the plaintiffs that
          are unsigned by any person employed by or authorized by
          the Housing Authority; and

    8.    Damage or destruction to their personal property as a
          result of defendants' failure to secure the premises.
          (Id. ¶ 7).

        Plaintiffs additionally allege that defendants fail to
enforce rules and regulations regarding non-tenants on the

property.  (Id. ¶ 8).  These non-tenants are allegedly permitted
to use the facility amenities, such as the laundry room.  (Id. ¶
13).  Apparently, the non-tenants' presence on the premises
results in the plaintiffs' fears for their safety.  (Id. ¶¶ 8,
12).

Plaintiffs additionally contend the Housing Authority
has negligently or wrongfully employed staff members who are
unqualified for their positions.  (Id. ¶ 9).  Plaintiffs contend
that staff members have utilized cameras meant for security to
invade plaintiffs' privacy.  (Id. ¶ 10).  Further, while acting
as the Executive Director of the Housing Authority, plaintiffs
claim that Vicky Lusk promoted and/or established personal
religious doctrine, acting under color of law in violation of
plaintiffs' individual religious freedoms.

Plaintiffs also allege defendants have delivered or
caused to be delivered notices of violations to the plaintiffs by
sliding them under the door of the plaintiffs' apartments near
closing time on a Friday afternoon.  Because there is no one in
the office until Monday, the plaintiffs contend they worry over
the weekend, only to be told on Monday that no violation existed.
(Id. ¶ 11).  Also, the plaintiffs maintain the defendants have
taken retaliatory measures in response to their complaints,

4

including an action to evict Juanita Barker from the premises. (<u>Id.</u> ¶¶ 14-16).

On April 19, 2006, plaintiffs instituted this action in the Circuit Court of Mingo County. Count I alleges a breach of the plaintiffs' lease agreement wherein they are entitled to quiet enjoyment of the premises. (<u>Id.</u> ¶ 19). Count II maintains that defendants are liable for tortious assault, battery, or intentional infliction of emotional distress against the plaintiffs. (<u>Id.</u> ¶ 21). In addition, Count II asserts that defendants engaged in outrageous, intentional, malicious and wanton conduct, and reckless indifference to the rights of the plaintiffs. (<u>Id.</u> ¶ 22). Count III alleges defendants violated 42 U.S.C. § 1983. (<u>Id.</u> ¶ 24). Count IV references the violation of plaintiffs' rights to individual religious freedom by the defendants' promotion of a particular religious doctrine. (<u>Id.</u> ¶ 26). Count V requests the court to determine the rights, status, and other legal relations between the plaintiffs and the defendants, as relating to the lease agreement, the Housing Authority, and the Fair Housing Act, 42 U.S.C. § 3613, <u>et. seq</u>. (<u>Id.</u> ¶ 28).

5

On May 16, 2006, defendants answered the complaint.  On May 18, 2006, defendants removed, asserting federal question jurisdiction.  Plaintiffs now seek remand.

II.

A.   Governing Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction.  The statute provides as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a).  One source of original jurisdiction is 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, "removal is appropriate if the face of the complaint

6

raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

Our court of appeals recently discussed the well-pleaded complaint doctrine:

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151; see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.' ") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916).). If federal law creates a plaintiff's claim, then removal is proper. Mulcahey, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005). The removing party is charged with the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

7

B.    Analysis


        Defendants base their removal upon the alleged
violations of the United States Constitution and reference to the
Fair Housing Act.  (Pet. for Rem. ¶¶ 3-4).  These claims vest the
court with removal jurisdiction and additionally result in the
proper exercise of supplemental jurisdiction over the remaining
claims pursuant to 28 U.S.C. § 1367.

        Plaintiffs contend otherwise, asserting (1) the state
claims raise both novel and relatively complex issues of state
law, (2) the state claims substantially predominate over the
federal claims; and (3) there are other compelling reasons for
declining jurisdiction. (See Mot. to Rem. at 4-6).

        At its core, this case concerns numerous actions of the
Housing Authority and its employees which putatively violated
plaintiffs' rights.  The complaint provides "[t]he foregoing acts
constitute a violation of 42 U.S.C. Section 1983 with respect to
the plaintiffs' due process rights secured by the Fourteenth
Amendment . . . "  (Comp. ¶ 24).  Further, plaintiffs seek a
declaration of the rights, status, and legal relations by and
between the plaintiffs and the defendants, referring specifically
to "the Fair Housing Act as contained in 42 U.S.C. § 3613, et
seq."  (Id. ¶ 28).

                            8

As noted, plaintiffs' reliance upon federal law in this manner vests this court with original jurisdiction.  As additionally noted, 28 U.S.C. § 1367(a) vests the court with supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy [.]"  <u>Greiner v. Columbia Gas Transmission Corp.</u>, 41 F. Supp.2d 625, 628 (1999).  The state claims are very clearly part of the same case or controversy as the federal claims.  Both arise out of the same core of common facts.

Plaintiffs appear to contend that remand of the entire case is appropriate in view of section 1367(c).  That section states in its entirety as follows:

(c) The district courts may decline to exercise <u>supplemental jurisdiction</u> over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

> > (4) in exceptional circumstances, there are
> > other compelling reasons for declining
> > jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied).

The underscored language discloses that discretionary remand extends only to those state claims over which the court might otherwise exercise supplemental jurisdiction.  Section 1367(c) does not authorize remand of federal claims falling within the court's removal jurisdiction.[2]  Additionally, none of the foregoing exceptions counsel in favor of remanding plaintiffs' state claims.  The state and federal claims are intertwined to the point that remand would result in two separate tribunals rendering judgments on the same controversy.  Such a

---

[2]Plaintiffs make passing reference to 28 U.S.C. § 1441, which permits remand of "matters in which State law predominates" when "a separate and independent claim or cause of action" within federal question jurisdiction is joined with a non-removable claim or cause of action and the entire case is removed. Inasmuch as the state claims properly qualify for exercise of supplemental jurisdiction, the argument is misplaced.  See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616 (4th Cir. 2001) (noting section 1441(c) "does not . . . apply when pendent claims, as distinct from 'separate and independent claims,' are involved, because 'pendent claims are not "separate and independent" within the meaning of the removal statute.'").

Plaintiffs also suggest they are not asserting a section 1983 claim but instead reference that federal act as "part of a request by the plaintiffs for a declaratory judgment by the state court as to whether the relations of the parties might amount to a violation thereof."  (Reply at 1).  That contention cannot be squared with the complaint, which alleges defendants acts "constitute a violation of 42 U.S.C. Section 1983 . . . ."  (Id. ¶ 24).

result runs totally counter to settled notions of judicial

economy.


                              IV.


          Based upon the foregoing, the court ORDERS that

plaintiffs' motion to remand be, and it hereby is, denied.


          The Clerk is directed to forward a copy of this

memorandum opinion and order to all counsel of record.

                    DATED:   January 26, 2007


                    _____
                    John T. Copenhaver, Jr.
                    United States District Judge


                              11